IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HALO SYNERGY GROUP, INC. and IDASAAS, LLC, | **8:21CV386** |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| MARSH & MCLENNAN AGENCY, LLC, | |
| Defendant. | |

This matter is before the Court on defendant Marsh & McLennan Agency, LLC's ("MMA") Amended Motion to Dismiss (Filing No. 18) plaintiffs Halo Synergy Group, Inc. ("Halo Synergy") and iDASaas, LLC's ("iDAS" and collectively, "Halo") Complaint (Filing No. 1) for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). MMA contends (Filing No. 12) that it cannot be liable to Halo as a matter of law under the facts of this case as pleaded. Halo responds (Filing No. 15) that MMA makes erroneous assumptions and relies "on facts not properly before the Court." For the reasons stated below, MMA's motion to dismiss is denied.

I.      **BACKGROUND**[1]

Halo Synergy constructs and installs technology infrastructure on customer-owned real property. In 2018, Halo Synergy was contemplating entering into a Multi-MNO Neutral Host License Agreement (the "licensing agreement") with Trump Endeavor 12 LLC ("TE12") relating to a project on TE12 real property in Florida (the "project"). The work on the project was to be performed by Halo Synergy or iDAS, an entity that was to be created for the project. The licensing agreement for the project required iDAS to

---

[1]On a Rule 12(b)(6) motion to dismiss, the Court assumes the plaintiffs' factual allegations are true and draws all reasonable inferences in their favor. *See*, *e.g.*, *Delker v. MasterCard Int'l, Inc.*, No. 20-3600, 2022 WL 38468, at *3 (8th Cir. Jan. 5, 2022).

maintain a commercial general liability insurance policy to cover "damage to property occurring in or about" TE12's buildings.

On May 31, 2018, Guy Peters ("Peters"), Halo Synergy's Chief Financial Officer, contacted Christine Henry ("Henry") at Inspro, Inc. ("Inspro"), an insurance broker in the business of "consulting with customers like Halo and iDAS to obtain and implement appropriate insurance coverages to meet the customers' needs for commercial liability insurance."[2]   Peters emailed Henry "to ensure that [Halo Synergy] and/or iDAS had appropriate insurance coverage compliant with the terms of" the licensing agreement. Peters specifically advised Henry that iDAS would be created for the project and "would need to be listed on the applicable insurance policies."  Henry forwarded the information about the licensing agreement and the project to Benjamin Vetter ("Vetter") at Inspro.

On June 6, 2018, iDAS entered the licensing agreement.  The next day, Vetter advised "Peters that Inspro would add iDAS as an additional named insured under the operative policy . . . issued by OneBeacon Insurance Group ("OneBeacon")."  Vetter told "Peters there was no insurance reason to create any new policy for iDAS, and that 'the current policy would respond regardless.'"  Inspro provided TE12 with a certificate of liability insurance stating iDAS was an additional insured on the OneBeacon policy.

On or about June 28, 2019, workers on the project damaged some underground cables and interrupted the power at the TE12 property.  TE12 incurred $756,932.75 in damages to repair the cables and restore the power.  Halo states iDAS is responsible under the licensing agreement for the damages TE12 sustained, and that those damages are exactly the harm for which Halo sought insurance coverage from Inspro.

iDAS made a demand for coverage under the OneBeacon policy.  OneBeacon denied coverage because iDAS was never made an additional insured under its policy. iDAS then demanded that Inspro pay the damages.  When it didn't, Halo filed suit in state

---

[2]Inspro later merged with MMA.

court, alleging Inspro negligently failed to (1) correctly advise Halo regarding the scope of coverage under the OneBeacon policy and (2) "procure appropriate insurance coverage for iDAS's potential liability under the" licensing agreement.

MMA removed the case to federal court (Filing No. 1), and now moves to dismiss under Rule 12(b)(6) for failure to state a claim.

## II.   DISCUSSION

### A.   Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint's "essential function . . . is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When deciding a Rule 12(b)(6) motion, the Court generally ignores materials outside the pleadings but can consider any uncontested exhibits attached to the complaint and other "materials that are necessarily embraced by the pleadings."  *Ashford v. Douglas County*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).  In cases involving a contract dispute, that ordinarily includes the contract documents.   *See, e.g., Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

3

"[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). Taken together, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The key issue is threshold plausibility, to determine whether a plaintiff is entitled to present evidence in support of his claim and not whether it is likely that he will ultimately prevail." *Delker*, 2022 WL 38468, at *3.

## B.    Halo's Negligence Allegations

MMA argues Halo's complaint should be dismissed with prejudice because Halo cannot show any harm from Inspro's alleged failure to add iDAS as an additional insured on the OneBeacon policy. As MMA sees it, even if Inspro had added iDAS to the policy, "there would have been no coverage for TE12's claim pursuant to the standard 'business risk' exclusions j(5) and j(6)" and the "Contractual Liability exclusion (b)." MMA's wholesale reliance on the OneBeacon policy exclusions is misplaced.

As Halo points out, MMA's arguments for dismissal are largely premised on its assertion that Halo's claim must be weighed exclusively under the terms of the OneBeacon policy. But Halo's negligence allegations are not so limited. Halo not only alleges specific failures with respect to the OneBeacon policy, it also more broadly alleges Inspro breached its duty to advise Halo properly and help it acquire appropriate insurance coverage for the project. Though Halo's negligence allegations are fairly thin, they give MMA fair notice of the grounds for Halo's claim—a claim that is entirely consistent with Nebraska law.[3] *See*, *e.g.*, *Merrick v. Fischer, Rounds & Assocs., Inc.*, 939 N.W.2d 795, 804 (Neb. 2020) ("Nebraska law requires an insurance broker to secure the insurance requested by the insured and if the insurance broker is advising the insured, the broker must do so with

_____

[3]Both parties cite Nebraska law in their briefs, and neither provides any argument for applying some other substantive law to Halo's negligence claim. *See N. Bottling Co. v. Pepsico, Inc.*, 5 F.4th 917, 922 (8th Cir. 2021) (noting a federal court sitting in diversity generally applies the substantive law of the forum state).

reasonable care.").  MMA repeatedly asserting that "the Complaint is solely based on [Halo's] claim that Inspro allegedly failed to name iDAS as an additional named insured under the Operative policy" does not make it so.

Halo's negligence claim may or may not ultimately succeed.  The OneBeacon policy exclusions may still present an obstacle to Halo's success.  But that is neither here nor there at this point, where "[t]he key issue is threshold plausibility."  *See Delker*, 2022 WL 38468, at *3.  Halo has alleged sufficient facts—accepted as true—to state a plausible negligence claim against MMA.  Whatever the merit of MMA's exclusion arguments, they do not entitle MMA to prejudicial dismissal of the complaint at this early stage.

The Court also rejects MMA's contention that Halo's failure to attach copies of the correspondence between Halo and Inspro, the OneBeacon policy, and the licensing agreement to the complaint *requires* its dismissal "on this ground alone."  MMA provides no support for imposing such a rigid requirement.

In light of the foregoing, defendant Marsh & McLennan Agency, LLC's Amended Motion to Dismiss (Filing No. 18) is denied.

IT IS SO ORDERED.

Dated this 21st day of January 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge