IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HALO SYNERGY GROUP, INC., a Nebraska limited liability company; and IDASAAS, LLC, a Nebraska limited liability company;<br><br>Plaintiffs,<br><br>vs.<br><br>MARSH & MCLENNAN AGENCY, LLC, a Delaware limited liability company;<br><br>Defendant. | 8:21CV386<br><br>ORDER |

This matter comes before the court because Defendant has sought leave to file a surreply as to the pending motion to amend. (Filing No. 119). Defendant argues Plaintiffs improperly introduced new legal theories in the reply brief that were not raised in their original motion. Defendants also seek to clarify "the specific factual and legal inaccuracies contained in Plaintiffs' reply." (Filing No. 119 at 2). Having reviewed the motion and basis, the motion will be denied as untimely and because the primary argument for surreply is not supported by the record.

Plaintiffs' reply was filed on January 15, 2026 (Filing No. 115), and Defendant's motion for surreply was filed on January 28, 2026 (Filing No. 119). There is no specific time period identified in the Local Rules for filing motions for surreply. However, the motion to amend has been ripe for almost two weeks before Defendant filed the motion and Defendant has not provided any reason for the delay. The court has an interest in the

1

"just, speedy, and inexpensive determination" of this action, and Defendant simply waited too long to request surreply. *See* Fed. R. Civ. P. 1.

As to the substantive argument, Defendants alleges that Plaintiffs "invoke for the first time the 'wrongful act doctrine' to claim entitlement to attorney's fees on the theory that insurance coverage would have existed but for the alleged negligence of an insurance agent." This statement is not supported by the record. Plaintiffs' intent to pursue attorney fees and expenses incurred in having to litigate the action in Florida are clearly stated in Plaintiffs' motion (Filing No. 106 at 2, ¶ 8), proposed amended complaint (Filing No. 106-1 at 5, ¶ (a)(iv)), and attorney affidavit filed in support of the motion (Filing No. 107-1 at 2, ¶ 11). Plaintiffs' opening brief also states:

> 'One who through the tort of another has been required to act in the protection of his interests by bringing or defendant an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incorrect in the earlier action.' *Tetherow v. Wolfe,* 223 Neb. 631, 638 (1986). In this case Defendant's negligence forced Plaintiffs to bring an action against certain third persons via the Stay. The damage claims Plaintiffs seek to make out in the Amended Complaint are identified in *Tetherow* as proper subjects for relief.

(Filing No. 108 at 4).

Defendant's response brief states "If Plaintiffs claim for Attorney's Fees is based on having to litigate the Florida matter, such are not recoverable since the defendants in the Florida matter were tortfeasors and not third parties." (Filing No. 114 at 10). Defendant then argued that the amendment is futile, in particular citing *One Point Solutions v. Borchert*, 486 F.3d 342 (8th Cir. 2007) to explain its position that attorney fees are not appropriate in this case under the wrongful act doctrine. Plaintiffs' reply addressed Defendants' argument and the *One Point* case. Upon review, Plaintiffs raised the wrongful act doctrine, although not by name, in the motion and are permitted to respond to Defendant's arguments in their reply.

Defendant's motion also alleges Plaintiffs incorrectly identify the correct legal standard in their reply. (Filing No. 119). The parties have each set forth their

positions as to the legal standard governing the motion to amend, and the court will identify the standard to be applied in its order on the motion. There is no further need for briefing on that subject.

Accordingly,

IT IS ORDERED that Defendant's motion for leave to file surreply is denied. ([Filing No. 119](#)).

Dated this 28th day of January, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

3