IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HALO SYNERGY GROUP, INC., a Nebraska limited liability company; and IDASAAS, LLC, a Nebraska limited liability company;<br><br><br>Plaintiffs,<br><br>vs.<br><br><br>MARSH & MCLENNAN AGENCY, LLC, a Delaware limited liability company;<br><br><br>Defendant. | **8:21CV386**<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiffs' Motion for Leave to File Amended Complaint and Jury Demand. (Filing No. 106). Defendant opposes Plaintiffs' motion asserting that it is untimely and the amendments requested are futile. For the reasons that follow, the court finds Plaintiffs have shown good cause to amend the complaint after the expiration of the deadline for filing motions to amend and should be allowed to amend the complaint to adjust the calculation of claimed damages. The motion will be granted.

## I.    BACKGROUND

This case was originally filed in the District Court for Douglas County and removed to this court on September 30, 2021. (Filing No. 1). A progression order was entered on March 30, 2022, after a ruling on Defendant's motion to dismiss. (Filing No. 28; Filing No. 35). Relevant to the pending motion, the deadline for moving to amend the pleadings or

add parties was set for June 25, 2022. (Filing No. 35). The deadline for filing motions to amend was not extended in any of the subsequent amendments to the final progression order on August 31, 2022 (Filing No. 41), March 17, 2023 (Filing No. 47), or August 22, 2023 (Filing No. 59).

Plaintiffs filed a complaint on June 28, 2023, in the United States District Court for the Southern District of Florida against RTS of Broward Corp. and Mastec, Inc. (collectively "Florida defendants"), alleging claims arising out of the same operative facts at issue in this case. (Filing No. 108 at 1). A motion to stay of litigation was filed in this court on September 15, 2023, and the motion was granted on January 11, 2024. (Filing No. 71). The case remained stayed pending the resolution of the related litigation in Florida and the parties filed status reports as directed by the court.

A telephonic status conference was held on September 24, 2025. The parties indicated the Florida litigation had settled and this case was ready for progression. (Filing No. 93, Minute Entry). The parties conferred and submitted a joint proposed final progression order. Thereafter, the Fourth Amended Final Progression Order was entered. (Filing No. 94).

Plaintiffs filed the pending motion for leave to file an amended complaint on December 18, 2025. (Filing No. 106). The motion seeks leave to amend the complaint to adjust the total damages claimed to account for funds recouped through the settlement of the Florida litigation and to add additional damages arising from the Florida litigation including interest accrued and attorneys' fees incurred in prosecuting it. (Filing No. 106 at 2). A copy of the proposed amended complaint was attached to the motion. (Filing No. 106-1). Defendant opposes the motion.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 provides that the Court should "freely give leave" to amend a pleading "when justice so requires." When a party seeks leave to amend under Rule 15(a) outside of the time period established by a scheduling order, the party

must first demonstrate good cause under Rule 16(b). *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Rule 16(b) provides that a judge must issue a scheduling order limiting "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The movant's diligence in attempting to meet the case management order's requirements is the 'primary measure' of good cause." *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024), reh'g denied, No. 22-2250, 2024 WL 1561617 (8th Cir. Apr. 11, 2024). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.,* 127 F.R.D. 165, 166 (W.D. Mo. 1989). "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then [the court] may conclude that the moving party has failed to show good cause." *Midwest Med. Sols.*, 95 F.4th at 607 (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

Although prejudice to the nonmovant resulting from modification of the scheduling order may be a relevant factor, the court will generally not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Sherman*, 532 F.3d at 717 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, at 809 (8th Cir. 2001)). Leave to amend pleadings should also be denied where the party unduly delayed in seeking the amendment. "Undue delay" is generally understood to occur "when a party waits until the eleventh hour of its case to file its motion to amend." *Nitride Semiconductors Co. v. Digi-Key Corp.*, No. 17-CV-4359 (JRT/LIB), 2020 WL 13016670, at *3 (D. Minn. Aug. 10, 2020) (internal quotation marks omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii*, 512 F.3d at 497.

### III.    ANALYSIS

Plaintiffs rely upon Fed. R. Civ. P. 15(a)(2) in support of their motion for leave to file an amended complaint, arguing that the Florida litigation was only recently resolved and this case reopened. (Filing No. 106-1 at 5). Plaintiffs' amendment is sought to "clean up" the pleadings and make the demand for damages clear. (Filing No. 115 at 10). Defendant asserts that Fed. R. Civ. P. 16(b)(4) governs, and because the deadline to amend the pleadings expired prior to the stay of case progression, Plaintiffs must demonstrate good cause. Defendant argues that Plaintiffs offered no showing of good cause, as Plaintiffs had "full knowledge of the facts underlying the proposed amendment when they filed their original complaint and made a deliberate choice not to assert these damages." (Filing No. 114 at 1).

The deadline for moving the amend pleadings in this case was June 25, 2022. (Filing No. 35). This deadline expired prior to the initiation of the Florida litigation on June 28, 2023. The progression deadlines were amended one more time, on August 22, 2023, before the motion to stay was filed on September 15, 2023. (Filing No. 59; Filing No. 61). When the stay was lifted, neither party requested to reopen the deadline for filing motions to amend, nor did they include a new deadline for motions to amend in the joint proposed deadlines submitted to the court. Accordingly, the court must find that the deadline for filing motions to amend has expired and therefore will apply the good cause standard under Rule 16.

As a preliminary matter, Plaintiffs propose to adjust the amount of total damages claimed in the original complaint from $756,932.75 to "At least $226,932.75, the portion of the $756,932.75 paid by Plaintiffs on March 24, 2020, that Plaintiffs have not recouped." (Filing No. 106-1 at 5). Plaintiffs also add a prayer for post-judgment interest, costs, and fees in bringing this action "to the extent warranted or authorized by law." (Filing No. 106-1). Defendant's response to the motion to amend does not include an objection to either of these amendments. The court finds there is good cause to amend these paragraphs,

particularly where Plaintiffs clarify the amount they seek after recouping a portion of the damages through the Florida litigation.

The parties' briefing focuses on Plaintiffs' proposed new prayer for attorney fees and prejudgment interest. As to the attorney fees, Plaintiffs' proposed amended complaint adds a prayer for damages in the amount of $154,930.76, for having to litigate against the tortfeasors in the Florida litigation. (Filing No. 106-1). Plaintiffs assert they were "effectively forced by the Stay to incur significant attorney fees in prosecuting the Florida case." (Filing No. 108 at 4). Plaintiffs argue these fees were not known and could not be identified at the time the initial complaint was filed and that Defendant's negligence forced Plaintiffs to bring an action against third persons via the stay. (Filing No. 108 at 2, 4). Plaintiffs request the motion to amend be granted and they be allowed to test their claims on the merits. *See Foman v. Davis,* 371 U.S. 178 (1962).

Defendant makes no separate good cause argument as to Plaintiffs' request for attorney fees but argues that this amendment is futile, asserting the claimed attorney fees are not available under Nebraska Law. The court may deny leave to amend on various grounds, including undue delay, bad faith on the part of the moving party, and futility of the amendment. *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008). When a court denies leave to amend on the ground of futility, it means the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion. *In re Senior Cottages of Am., LLC,* 482 F.3d 997, 1001 (8th Cir. 2007).

As a general proposition, Nebraska follows the "American Rule" that attorney fees may be recovered only when authorized by statute or when a recognized and accepted uniform course of procedure allows recovery of an attorney fee. *Sid Dillon Chevrolet—Oldsmobile—Pontiac, Inc. v. Sullivan*, 559 N.W.2d 740, 748 (Neb.1997); *Eikmeier v. City of Omaha*, 783 N.W.2d 795, 797–98 (Neb.2010) ("A party may recover attorney fees and expenses in a civil action only when a statute permits recovery or when the Nebraska Supreme Court has recognized and accepted a uniform course of procedure for allowing attorney fees."). There is an exception to the American Rule, sometimes called the

wrongful act doctrine or the third-party litigation exception when a court may award attorney fees as damages if the defendant's tortious act projects the plaintiff into litigation with a third party. In requesting attorney fees, Plaintiffs refer to *Tetherow v. Wolfe,* 223 Neb. 631, 638 (1986), which states "[o]ne who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action."

Defendant argues the wrongful act doctrine applies to lawsuits with third parties, not other tortfeasors, and because the Florida defendants are tortfeasors, the wrongful act doctrine is inapplicable and Plaintiffs would not be able to recover under this theory of damages. (Filing No. 114 at 2). Defendant cites *OnePoint Solutions v. Borchert*, 486 F.3d 342 (8th Cir. 2007), arguing that the Eighth Circuit cautioned against awarding attorney's fees under the third-party litigation exception whenever a plaintiff sued two or more tortfeasors. The undersigned has reviewed *OnePoint* and disagrees with Defendant's interpretation of it.

In *OnePoint,* the Eighth Circuit noted that the complaint treated two individuals, Borchert and Catuzzi, as joint tortfeasors acting together during a single event that gave rise to the litigation. "For Borchert and Catuzzi to be liable for OnePoint's attorney's fees under the third-party litigation exception, they must have: (1) committed a tortious act, (2) which propelled OnePoint into litigation, (3) with a third party." *OnePoint,* 486 F.3d at 352. The court found that as joint tortfeasors, neither Borchert nor Catuzzi was a third party. The court also rejected OnePoint's argument that Borchert's or Catuzzi's actions forced it to recover payment from another individual, Reilly. The court noted that Reilly voluntarily returned payment and OnePoint never sued him. *Id.* For these reasons, the court concluded the third-party litigation exception did not apply.

Here, there is no allegation that Defendant acted jointly with any of the defendants in the Florida litigation. Plaintiffs' complaint alleges Defendant negligently advised or failed to procure insurance coverage for Plaintiffs prior to a claimed loss, while Plaintiffs

6

brought the action against the Florida defendants for the performance of negligent construction work, which caused the claimed loss. Defendant correctly notes that the Florida defendants are alleged tortfeasors. However, there is no allegation that Defendant in this action acted together with the Florida defendants in a single event, therefore they are not *joint* tortfeasors. Plaintiffs' argument under the third-party litigation exception is that if they had been properly informed and covered by Defendant, then Plaintiffs' insurance policy would have provided for the damages incurred and there would have been no need to litigate the claims in Florida. Upon my review, the Florida defendants are or could be considered third parties, as contemplated by *OnePoint*, therefore the court finds that Plaintiffs' demand for attorney fees under the third-party litigation exception is not futile, and Plaintiffs should be allowed to amend the complaint accordingly.

Plaintiffs also request to add two calculations for prejudgment interested accrued, taking into account the amount paid by Plaintiffs, adjusted to account for amounts recouped through the Florida litigation. Plaintiffs argue that they can demonstrate good cause to amend because the remedies sought were not known or contemplated at the time the original Complaint was filed, and that Plaintiffs purportedly informed Defendant of its intention to seek attorney fees and interest "as early as September 26, 2025." (Filing No. 108 at 4-5). In response, Defendant argues that "Plaintiffs were aware of the alleged entitlement to prejudgment interest since the inception of this case in 2022." (Filing No. 114 at 5).

A review of the docket reveals that the damages Plaintiffs now seek to include in the amended complaint are not newly discovered, but they may not have been contemplated at the time the case was filed. In fact, it appears Defendant was the first party to mention prejudgment interest as a possible avenue for Plaintiffs when arguing for the stay of this case in 2023. (*See, generally,* Filing No. 61; *See* Filing No. 68). Plaintiffs argued against the stay asserting that their damages were compounding on an ongoing basis with Plaintiffs losing the time value of the amount paid, and incurring ongoing damages by having to litigate its claims in this court as well as in Florida. In its reply Defendant argued that the

case should be stayed, and that "to alleviate the time value of the amount allegedly paid, Plaintiffs need only seek pre-judgment interest, which they did in the S.D. Fla. Litigation." (Filing No. 68 at 7). Defendant continued, stating "Given that prejudgment interest is specifically available to provide a recourse to a party who has lost the ability to use the funds it claims are owed, Plaintiffs' argument that a stay of litigation would work substantial damage is entirely baseless." (Filing No 68 at 7). Judge Bazis[1] incorporated that argument in the order granting the stay. (Filing No. 71 at 5).

The court finds it would be unfair to bar Plaintiffs from amending the complaint to claim a measure of damages that Defendant has specifically stated is available to Plaintiffs. After Defendant and the court acknowledged the possibility of prejudgment interest, Plaintiffs were not able to immediately seek an amendment of the complaint because the case was stayed. The stay was lifted on September 24, 2025, and although Plaintiffs did not immediately request to amend the complaint, Plaintiffs assert they promptly sent an updated settlement demand, including attorney fees and interest, to Defendant on September 26, 2025. (Filing No. 107-1 at 2). Defendant has not refuted that assertion. While Plaintiffs could or should have requested to amend the complaint or reopen the deadline to file a motion for leave to amend sooner, the delay of Plaintiffs' request is not unreasonable and is certainly not an "eleventh hour" amendment that would constitute undue delay. Additionally, Plaintiffs are not seeking to add claims, they are seeking to update the measure of damages now that certain amounts have been recouped and the Florida case is settled. Accordingly, the court finds good cause for the amendment.

Defendant argues that in addition to Plaintiffs' amendment being untimely, the proposed amendment is futile under Nebraska law. (Filing No. 114 at 1). To the extent that Defendant argues Plaintiffs' should be barred from amending to add prejudgment interest to its calculation of damages, the undersigned disagrees. The Nebraska Supreme Court has found that noncompliance with a pleading rule, specifically the omission of a demand for

---

[1] U.S. District Judge Susan M. Bazis is now the presiding judge in this case, but was previously assigned as the referral Magistrate Judge.

prejudgment interest, does not preclude an award of such interest if the entitlement is provided for by statute and the opposing party is on notice that the damages are at issue and has an opportunity to be heard prior to judgment. *AVG Partners I, LLC v. Genesis Health Clubs of Midwest, LLC*, 307 Neb. 47, 62–64, 948 N.W.2d 212, 229–30 (2020). The court recognizes that Defendant now argues against the amendment on futility grounds, asserting the Nebraska Statutes (Neb. Rev. Stat. §§ 45-104 and 45-103.02) do not allow prejudgment interest under these circumstances. However, given the parties' discussion of prejudgment interest prior to the stay and Defendant's previous posture as to the availability of these damages, Plaintiffs should be afforded the opportunity to amend the complaint and the court may take up the availability of prejudgment interest on an appropriate motion to dismiss, rather than in opposition to the filing of an amended complaint.

The court finds that Defendant will not be prejudiced by the allowance of the amendment to add the calculation of damages for attorney fees and prejudgment interest. Defendant cannot plausibly argue that it was prejudiced by Plaintiffs' seeking the very damages that Defendant identified in support of the stay. Despite the age of this case, the parties are still early in the discovery process and the parties have already served discovery that touches on the prejudgment interest issues. Should Defendant require additional discovery regarding amended damages, Plaintiffs have already stated that they will not oppose additional discovery requests on these issues or an extension of deadlines to accommodate them. (Filing No. 115 at 10).

Accordingly,

IT IS ORDERED:

1. Plaintiffs' Motion for Leave to Amend is granted. (Filing No. 106).
2. Plaintiffs' proposed amended complaint shall be filed separately of record on or before February 17, 2026.  Defendant shall answer or otherwise respond to the second amended complaint within 21 days of it being filed.

3. This case shall progress in accordance with the Fourth Amended Final Progression Order. (Filing No. 94). Should Defendant need additional time to serve discovery related to the amended damages calculation, the parties shall confer and jointly propose amended progression deadlines.

4. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **June 9, 2026** at **11:00 a.m**. by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 89).

Dated this 9th day of February, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge